IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **PAUL JONES,** individually and on behalf of all others similarly situated, *Plaintiff,* v. **FIORELLA INSURANCE AGENCY, INC.,** a Florida limited liability company, *Defendant.* | Case No. **CLASS ACTION** **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

**Preliminary Statement**

1. Plaintiff Paul Jones ("Plaintiff") bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of, among other things, prerecorded telephone calls, which, Congress found, were rightly regarded as in invasion of privacy. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. The Plaintiff alleges that Fiorella Insurance Agency, Inc. ("Fiorella") made pre-recorded telemarketing calls to Plaintiff and other putative class members without their consent.

3. The Plaintiff and putative class members never consented to receive these calls. Because prerecorded voice marketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff bring this action on behalf of a proposed nationwide class of other persons who received illegal robocalls from or on behalf of the Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Paul Jones resides in Florida.

6. Defendant Fiorella Insurance Agency, Inc. is a corporation with its principal place of business in Florida within this district.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over the Defendant because they engaged in telemarketing conduct from this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the prerecorded calls were made from this District.

## TCPA Background

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an … an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13. While "prior express consent" is required for all prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

14. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

### Factual Allegations

15. Fiorella offers Blue Cross insurance services.

16. In order to sell these services, Fiorella relies on telemarketing.

3

17. One of the telemarketing strategies used by Defendant involves the use of prerecorded messages to solicit potential customers.

18. While using prerecorded voice messages may save time and money for Fiorella's telemarketing efforts, it violates the privacy rights of the Plaintiff and putative Class' members.

<u>Calls to The Plaintiff Jones</u>

19. Plaintiff Jones is a "person" as defined by 47 U.S.C. § 153(39).

20. Mr. Jones's telephone number, (407) 808-XXXX, is registered to a cellular telephone service.

21. Fiorella called Mr. Jones on his cellular telephone with a pre-recorded message on April 2, 2020.

22. Mr. Jones spoke with an employee who identified himself as "James" at Fiorella.

23. The purpose of the call was to sell insurance services to Mr. Jones in exchange for a fee.

24. Specifically, Fiorella offered the Plaintiff a Blue Cross "Medigap" insurance policy.

25. Confirming this, Mr. Jones was sent the following e-mail:

> On Thu, Apr 2, 2020 at 2:40 PM James Fields <jfields@fioins.com> wrote:
> Paul,
> Attached is the plan we discussed. Have a great day.
> Regards,
> James
>
> **James Fields | Sr Licensed Account Manager/ Medicare Certified**
> Fiorella Insurance Agency
> 2300 SE Monterey Rd, Suite 200 | Stuart, FL 34996
> **( P ) 772.223.2987  ( F ) 772.283.0110**

26. The use of a pre-recorded message is evidence that the calls were part of a campaign that made numerous phone calls in a short period of time.

4

27. Defendant's calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

28. Defendant's calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls.

29. Plaintiff did not consent to receive Defendant's calls prior to the receipt of the unsolicited conduct.

## Class Action Allegations

30. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of Class of all other persons or entities similarly situated throughout the United States.

31. The Class of persons Plaintiff propose to represent is tentatively defined as:

> Robocall Class: All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular or residential landline telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

32. Excluded from the Class is counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

33. The Class as defined above is identifiable through phone records and phone number databases.

34. The potential Class members number at least in the thousands. Individual joinder of these persons is impracticable.

5

35. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a.   Whether Defendant violated the TCPA by using prerecorded calls to contact putative class members cellular telephones;

    b.   Whether Defendant placed calls without obtaining the recipients' prior express consent for the calls;

    c.   Whether the Plaintiff and the Class' members are entitled to statutory damages because of Defendant's actions.

36. The Plaintiff's claims are typical of the claims of class members.

37. The Plaintiff is an adequate representatives of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and counsel skilled and experienced in class actions, including TCPA class actions, represents him.

38. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

39. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## LEGAL CLAIMS

### First Claim for Relief
### Violation of the TCPA's Automated Call provisions

40. The Plaintiff incorporate the allegations from all previous paragraphs as if fully set forth herein.

41. Defendant's calls were made without the prior express consent, or the prior express written consent, of the called parties. 47 C.F.R. § 64.1200(a)(2); 47 C.F.R. § 64.1200(f)(8).

42. The Defendant violated the TCPA by (a) using a prerecorded voice to make calls to cellular and residential landline telephone numbers without the required consent, or (b) by the fact that others made those calls on its behalf.  *See* 47 U.S.C. § 227(b).

43. The Defendant's violations were willful and/or knowing.

44. The TCPA also authorizes injunctive relief, and the Plaintiff seek injunctive relief prohibiting Defendant from calling telephone numbers using a pre-recorded voice, absent an emergency circumstance.

## Relief Sought

WHEREFORE, for themselves and all class members, Plaintiff requests the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers using an automatic telephone dialing system or a pre-recorded voice

B. Because of Defendant's violations of the TCPA, Plaintiff seek for themselves and the other putative Class members $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

C. An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate Class the Court deems appropriate, finding that Plaintiff are proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

**Plaintiff request a jury trial as to all claims of the complaint so triable.**

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | **Paul Jones**, individually and on behalf of those similarly situated individuals |
| Dated: April 6, 2020 | */s/ Avi Kaufman* |
|  | Avi R. Kaufman (FL Bar no. 84382) |
|  | kaufman@kaufmanpa.com |
|  | Rachel E. Kaufman (FL Bar no. 87406) |
|  | rachel@kaufmanpa.com |
|  | KAUFMAN P.A. |
|  | 400 NW 26th Street |
|  | Miami, FL 33127 |
|  | Telephone: (305) 469-5881 |
|  | *Counsel for Plaintiff and the putative class* |